UNITED STATES of America,
Plaintiff—Appellee,

v.

Wayne Jay ZIMMERMAN,
Defendant—Appellant.

No. 04–50389.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2006.*

Filed Feb. 28, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Lawrence E. Spong, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Steven F. Hubachek, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, FRIEDMAN ** and FISHER, Circuit Judges.

** The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

MEMORANDUM ***

■ Wayne Jay Zimmerman appeals his conviction for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The government specifically declined to seek Zimmerman's conviction under 18 U.S.C. § 2252(a)(4)(B)'s first "jurisdictional hook" requiring that the child pornography be shipped or transported in interstate or foreign commerce and proceeded solely under the second "jurisdictional hook" that the images were produced using materials shipped or transported in interstate or foreign commerce. This second "jurisdictional hook" is "useless" as a basis for federal jurisdiction, however, because "virtually all criminal actions in the United States involve the use of some object that has passed through interstate commerce." *United States v. McCoy*, 323 F.3d 1114, 1126 (9th Cir.2003) (internal quotation marks omitted). Thus we assume for purposes of this appeal that Zimmerman did not possess child pornography transmitted across state borders, and we can reject his as applied challenge to § 2252(a)(4)(B) only if we conclude that his possession of child pornography had "a substantial effect on interstate commerce." *See Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (internal quotation marks omitted).

■ Commercial child pornography "substantially affects the national market for child pornography" even when the contraband material at issue was obtained solely from intrastate sources. *See United States v. Adams*, 343 F.3d 1024, 1034 (9th Cir.2003). "Commercial child pornography" is defined as "any sexually explicit

depiction of a minor produced for sale, trade, or *dissemination to the public."* *Id.* at 1030 n. 3 (emphasis added). According to the conditional plea agreement, Zimmerman admitted he "downloaded" the pornographic images although he never admitted to downloading the images from the Internet. However, even if we accept Zimmerman's contention that downloading could mean simply copying data from a disk or another computer, the definition of commercial child pornography in *Adams* is broad enough to encompass even Zimmerman's limited definition of downloading, which constitutes a form of "dissemination to the public." Because there was sufficient evidence that the pornography was publicly disseminated, Zimmerman's conviction does not exceed the scope of the commerce power.

█ Zimmerman also argues that the indictment should have been dismissed for failing to allege he possessed commercial child pornography. The indictment, however, stated in the alternative that Zimmerman possessed pornography "that has been shipped or transported in interstate or foreign commerce," thereby falling within the *Adams* definition of commercial child pornography. Therefore, the indictment should not have been dismissed, because it gave Zimmerman sufficient notice of the charges against him and was based on facts presented to the grand jury that indicted him. *See Russell v. United States,* 369 U.S. 749, 767, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.